UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIMOTHY HARRINGTON,<br><br>          Plaintiff,<br><br>v.<br><br>RANDALL CRATER,<br>BLUEMAGICGAMING.com, and<br>MYBIGCOIN.com<br><br>          Defendants. | CIVIL ACTION NO:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Timothy Harrington, as and for his complaint against Defendant Randall Crater, BlueMagicGaming.com, and Mybigcoin.com (collectively "Defendants"), states as follows:

### NATURE OF THE ACTION

1.   This is an action to remedy wrongful conduct by Defendants in violation of the laws of the State of New York, including for breach of contract, unjust enrichment, and breach of fiduciary duty under the New York Partnership Law ("PTR") and common law.  This action seeks injunctive relief and compensatory damages in order to secure future protection and redress the past deprivation of rights and property secured to Plaintiff under these state laws.

2.   Plaintiff is a partner of Greyshore Website Management Company, Inc. ("GWMC"), a partnership that developed, launched,

and manages the entities and websites BlueMagicGaming.com and MyBigCoin.com. Pursuant to an Agreement dated December 17, 2013 ("the Agreement"), Plaintiff is an equal partner in GWMC with Defendant Randall Crater.

3.    Since the launch of these websites, Defendants and GWMC have received a substantial amount in revenue, believed to be in excess of $10,000,000.00. Despite the receipt of such revenue and repeated requests by Plaintiff for his proportionate distributions of such revenue and inspection of the books and records of GWMC and the websites, Defendants have refused to make distributions in breach of the terms of the Agreement and in violation of the laws of the State of New York.

4.    Plaintiff seeks: (a) injunctive relief restraining Defendants from transferring any assets or distributing partnership monies, disgorging any monies or assets disbursed in connection with the subject matter of this action, and granting Plaintiff access to all records of Defendants pertaining to the subject matter of this action; and (b) awarding compensatory damages in the amount of his proportionate share of all income received by Defendants, together with interest and attorneys' fees.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Defendants in this matter by virtue of the Defendants being domiciled in the State of New York and their purposeful, regular, and continuous contacts in Suffolk County in the State of New York. Plaintiff's causes of action arise out of such contacts and actions by Defendants in New York. Defendant Carter is a domiciliary of the State of New York. Defendants BlueMagicGaming.com and MyBigCoin.com are New York companies having their principal place of business at 81 Newtown Lane, East Hampton, New York 11937.

6. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1332 as complete diversity of citizenship exists between Plaintiff, a domiciliary of the State of New Jersey, and all of the Defendants, who are domiciled in the State of New York. The business entity defendants are not corporations of the State of New Jersey. The amount in controversy exceeds $75,000.00.

7. Venue is proper in the United States District Court for the Eastern District of New York, Central Islip Divisional Office, Suffolk County, pursuant to 28 U.S.C. § 1391 because the incidents giving rise to the causes of action took place within the District. Assignment of this case to the Central Islip Divisional Office in Suffolk County is also proper because it is cognizable as a "Long

3

Island Case" pursuant to Rule 50.1(d)(2) of the Rules for the Division of Business Among District Judges for the Eastern District under the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York because a substantial part of the events or omissions giving rise to the claims occurred in Suffolk County and the Defendants reside in Suffolk County. Such action is also proper because the Agreement provides for jurisdiction in the State of New York and the venue of Suffolk County.

## THE PARTIES

8.   Plaintiff, Timothy Harrington is an individual residing at 15 Valhalla Way in Rockaway, New Jersey 07866.

9.   Greyshore Website Management Company, Inc. ("GWMC") is a partnership having a place of business located at 81 Newtown Lane, East Hampton, New York 11937.

10.  Defendant Randall Crater is an individual residing at 81 Newtown Lane, East Hampton, New York 11937.

11.  Defendant BlueMagicGaming.com is an entity and a website operated by GWMC, having a business address of 81 Newtown Lane, East Hampton, New York 11937.

12.  Defendant MyBigCoin.com is an entity and a website operated by GWMC, having a business address of 81 Newtown Lane, East Hampton, New York 11937.

4

## FACTS COMMON TO ALL COUNTS

13.   By agreement dated December 17, 2013 (the "Agreement"), Plaintiff and Defendant Crater agreed to become partners in the business partnership known as Greyshore Website Management Company, Inc.

14.   The stated purpose of the GWMC partnership was to "own, operate and manage BlueMagicGaming.com and Mybigcoin.com websites".

15.   Pursuant to the Agreement, the profits and losses of the partnership were to be distributed on a 50/50 basis between Plaintiff and Defendant Crater.

16.   The Agreement provides that Plaintiff's initial contribution to the partnership was a payment of $50,000.00 to Defendants.

17.   Plaintiff made the initial contribution to Defendant Crater in or around December 2013.

18.   Plaintiff made subsequent capital contributions to the partnership after the initial contribution.

19.   Plaintiff's capital contributions were used to fund the development and launch of the websites, BlueMagicGaming.com and MyBigCoin.com.

20.   The two websites were owned and operated by GWMC beginning in December 2013.

5

21.   Following the launch of the websites, Defendant Crater, as the partner in charge of day-to-day business office of the partnership, operated the websites and generated revenue for the partnership.

22.   The Agreement established Plaintiff and Defendant Crater as both managing members of GWMC.

23.   The partnership was required to establish and maintain capital accounts for the partners as well as a general account as a measure to keep proper records of all monies received and paid out on behalf of GWMC.

24.   Pursuant to the terms of the Agreement, both Plaintiff and Defendant Crater were to have access to and the right to inspect the partnership books and records, which were required to be maintained at the principal place of business of the partnership, 81 Newtown Lane in East Hampton, New York.

25.   Defendant Crater maintained the books and records at the main business address, which is also his address in East Hampton and he had access to the bank records and capital account ledgers.

26.   Throughout the period from 2014 through 2016, GWMC operated the two websites and generated income from subscribers and purchasers of items from the websites.

27.   GWMC received income which was exclusively held and maintained by Defendant Crater at the GWMC business location.

28.   From 2014 to the present, Defendant Crater actually received proceeds from income generated by BlueMagicGaming.com and MyBigCoin.com.  On more than one occasion, Defendant Carter has made representations to Plaintiff that income has been generated by GWMC, BlueMagicGaming.com, and/or MyBigCoin.com, and that Defendant Crater and Plaintiff would share in the profits on a 50/50 basis, consistent with the terms of the Agreement.

29.   Defendant Crater has made distributions to himself from the proceeds received by GWMC.

30.   To date, Defendant Crater has failed and refused to make any disbursements to Plaintiff despite request by Plaintiff pursuant to the Agreement.

31.   Plaintiff made request to Defendant Crater to allow him access to the books and records of GWMC.

32.   Defendant Crater has not responded to Plaintiff's requests for such access to the records of the capital account ledger and the general account.

33.   Defendant Crater has breached the Agreement by taking disbursements from the partnership, failing to provide Plaintiff with his one-half portion of the receipts of the partnership, and by refusing to allow Plaintiff access to partnership's books and records and bank accounts.

34.   As a direct and proximate result of the Defendants' actions, Plaintiff has sustained irreparable harm and other damages.

### FIRST COUNT
### (Injunctive Relief)

35.   Plaintiff repeats each and every allegation contained in the preceding paragraphs of the complaint as though fully set forth herein.

36.   The Agreement provides that the partners are required to deposit all receipts into the general account which is subject to distribution between Plaintiff the Defendant Crater on an equal basis.

37.   The Agreement also states that GWMC is required to make the accounts and records of the partnership available to each partner.

38.   During the period from 2014 to the present, Defendant Crater operated the two websites, BlueMagicGaming.com and MyBigCoin.com for which he and GWMC received income.

39.   Defendant Crater has failed and refused to properly account for the income and profits generated by GWMC to which Plaintiff is entitled as a partner.

40.   Despite requests by Plaintiff, Defendant Crater has refused to provide Plaintiff access to the books and records of

the partnership including the bank accounts, the general ledger and the capital accounts.

41. As a result of Defendants' actions and refusals, Plaintiff has been irreparably harmed and deprived of his rights as a partner of GWMC.

WHEREFORE, Plaintiff Timothy Harrington seeks judgment against Defendants Randall Crater, BlueMagicGaming.com and MyBigCoin.com, jointly and severally, for injunctive relief as follows:

A. Restraining Defendants from making any disbursement or distribution of any amounts held by any of the Defendants that were received and/or generated by GWMC;

B. Directing Defendants to immediately provide Plaintiff access to all of the books and records of GWMC from 2013 to the present, including but not limited, bank account records, the books of the capital accounts and general ledger, a statement of all amounts received by any of the Defendants relating to the operation of BlueMagicGaming.com and/or MyBigCoin.com, and a statement of all disbursements and distributions made to any party from GWMC;

C. Directing Defendants to disgorge any amounts disbursed to date to any of the Defendants by GWMC of from any amounts received or held by GWMC;

D. Restraining Defendants from transferring any assets of GWMC, including monies held in any GWMC account, during the pendency of this matter; and

E. Awarding Plaintiff compensatory damages, attorneys' fees and such further relief as the Court deems just and equitable.

## SECOND COUNT
### (Breach of Contract)

42. Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

43. Plaintiff and Defendant Crater entered into the Agreement governing the terms of the partnership known as Greyshore Website Management Company, Inc.

44. The Agreement states that the partners are entitled to 50% of the receipts from the partnership's business, which involved the operation of the BlueMagicGaming.com and MyBigCoin.com websites.

45. As a partner, Plaintiff is entitled to review the books and records of the partnership.

10

46. Defendant Crater has breached the Agreement by taking disbursements of receipts from GWMC without paying the 50% to Plaintiff.

47. Defendant Crater has failed and refused to provide Plaintiff access to the partnership accounts and books including those relating to capital accounts, the general ledger and the bank accounts.

48. Defendant Crater has breached the Agreement.

49. As a direct and proximate result of Defendant Crater's breach of the Agreement, Plaintiff has sustained damages.

50. Plaintiff has fully performed his obligations under the contract.

WHEREFORE, Plaintiff, Timothy Harrington demands judgment against Defendants Randall Crater for compensatory damages with interest, attorneys' fees, and such further relief as the Court deems just and equitable.

### THIRD COUNT
### (Unjust Enrichment)

51. Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

52. Pursuant to the Agreement between the parties, Plaintiff made payments to Defendant Crater and GWMC as his capital contribution to the partnership.

11

53. Defendants received the principal sum from Plaintiff and used such funds to launch the websites and generate revenue from sales.

54. Defendants agreed to make distributions to Plaintiff in the amount of 50% of the profits generated by GWMC and the two websites.

55. Defendants failed to make distribution to Plaintiff in any amount despite the fact that GWMC received significant income and profits from its operation of the two websites.

56. It would be unjust for Defendants to retain the benefit of Plaintiff's contributions to Defendants without compensating Plaintiff.

57. As a result, Defendants should be required to make payment to Plaintiff to reimburse him for the amounts he contributed to the partnership in addition to his efforts that provided a benefit to the Defendants.

WHEREFORE, Plaintiff, Timothy Harrington demands judgment against Defendants Randall Crater, BlueMagicGaming.com and MyBigCoin.com, jointly and severally, for compensatory damages with interest, attorneys' fees, and such further relief as the Court deems just and equitable.

## FOURTH COUNT
### (Accounting – New York Partnership Law)

58.   Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

59.   Pursuant to New York Partnership Law Section, including at P.L. §§ 41-42, a partner has the right to inspect all financial records and books of a partnership in which the partner is a member.

60.   Defendants have refused to provide such access to Plaintiff, a full and equal Partner, despite Plaintiff's repeated requests and in violation of the terms of the Agreement, including wrongful exclusion from the partnership business and joint possession of partnership property, secret profits obtained by Defendants, and circumstances that are just and reasonable for intervention of the Court.

61.   Therefore Defendants are liable under New York Partnership Law, including P.L. §§ 41-44 and must provide accounting rights and access of all books and records of GWMC, BlueMagicGaming.com, and MyBigCoin.com to Plaintiff.

WHEREFORE, Plaintiff, Timothy Harrington demands judgment against Defendants Randall Crater, BlueMagicGaming.com and MyBigCoin.com, jointly and severally, for compensatory damages

13

with interest, attorneys' fees, and such further relief as the Court deems just and equitable.

### FIFTH COUNT
**(Breach of Duty to Co-Partner – New York Partnership Law)**

62.  Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

63.  Plaintiff and Defendant Carter entered into an Agreement which sets forth the terms of the partnership, including the even distribution of profits.

64.  The Agreement also sets forth a number of duties, including the duty of loyalty, disclosure and sharing information, and the equal sharing of profits.

65.  Defendant Carter has breached such duties by failing to disclose and share the information regarding revenues of the partnership, including the books, despite repeated requests from Plaintiff, and failing to make distributions according to the terms of the Agreement.

66.  Partner Defendant Crater is liable for violating the New York Partnership Law, including at §§ 41-44.

67.  Partner Defendant Crater is liable to Plaintiff for violating duties of loyalty and care in failing to disclose revenues, to make distributions, and to make available records for inspection despite repeated requests and demands by Plaintiff

14

WHEREFORE, Plaintiff, Timothy Harrington demands judgment against Defendant Randall Crater for compensatory damages with interest, attorneys' fees, and such further relief as the Court deems just and equitable.

### SIXTH COUNT
### (Breach of Fiduciary Duty to Co-Partner)

68. Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

69. The business entities Defendants BlueMagicGaming.com and MyBigCoin,com, and the partnership arrangement between Plaintiff, Defendant Crater, and GWMC are essentially permanent in nature.

70. Therefore, Defendant Crater has duties of loyalty, trust, confidence, good faith, and to share business opportunities with Plaintiff that are clearly related to the subject of the operations of the partnership, which include the operations of all Defendants and business entities.

71. Defendant Crater has knowingly refused to share the business opportunities with Plaintiff, as there have been no distributions of revenues or profits generated by GWMC, Defendant Crater, Defendant BlueMagicGaming.com, or Defendant MyBigCoin.com. Defendants have retained these business opportunities and profits for themselves.

72.   Therefore, Defendant Crater is liable to Plaintiff for breach of fiduciary duty to his co-partner.

WHEREFORE, Plaintiff, Timothy Harrington demands judgment against Defendant Randall Crater for compensatory damages with interest, attorneys' fees, and such further relief as the Court deems just and equitable.

## SEVENTH COUNT
### (Civil Fraud)

73.   Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

74.   Defendant Crater entered into a partnership agreement ("the Agreement") with Plaintiff whereby Plaintiff was designated as an equal partner with Defendant Crater in GWMC, which owned and operated the websites BlueMagicGaming.com and MyBigCoin.com.

75.   GWMC owned and began operating the websites, BlueMagicGaming.com and MyBigCoin.com, in December 2013.

76.   The websites, BlueMagicGaming.com and MyBigCoin.com, thereafter began generating revenue, which continued from at least 2014 and through 2016.

77.   On more than one occasion, Defendant Carter has made representations to Plaintiff that income has been generated by GWMC, BlueMagicGaming.com, and/or MyBigCoin.com, and that Defendant Crater and Plaintiff would share in the profits on a

50/50 basis, consistent with the terms of the Agreement.  Defendant Crater made these representations to Plaintiff through many text messages and emails throughout the period from 2015 through 2016.

78.  From 2014 to the present, Defendant Crater actually received proceeds from income generated by BlueMagicGaming.com and MyBigCoin.com, and has made distributions to himself from proceeds received by GWMC through the operation of the websites BlueMagicGaming.com and MyBigCoin.com.

79.  Plaintiff has never received any distribution of such proceeds despite the terms of the Agreement and his capital contributions.

80.  Defendant Crater intended that Plaintiff would rely upon such representations with respect to inducing Plaintiff to make a capital contribution pursuant to the terms of the Agreement, as well as with respect to the generation of income by GWMC through operation of the websites BlueMagicGaming.com and MyBigCoin.com.

81.  Such statements by Defendant Crater were in fact made with the intent to deceive Plaintiff and induce him to make capital contributions that he otherwise would not have made.

82.  Defendant Crater intended to keep all partnership revenues from GWMC, through the operation of the websites BlueMagicGaming.com and MyBigCoin.com, for himself.

17

83. Accordingly, Defendant Crater is liable to Plaintiff for civil fraud.

WHEREFORE, Plaintiff, Timothy Harrington demands judgment against Defendant Randall Crater jointly and severally, for compensatory damages with interest, attorneys' fees, and such further relief as the Court deems just and equitable.

## EIGHTH COUNT
### (Conversion)

84. Plaintiff repeats each and every allegation contained in the preceding paragraphs of the Complaint as though fully set forth herein.

85. Pursuant to the Agreement, one-half of all profits generated by the partnership and/or the websites was to be distributed to Plaintiff.

86. Defendant Crater received revenues and profits from the operation of the partnership and websites.

87. Defendant Crater made distributions of profits from the partnership to himself but made no such distributions to Plaintiff.

88. Defendant Crater intentionally exercised unauthorized dominion and control over Plaintiff's share of the profits generated by the Defendants, all to the exclusion of Plaintiff.

89. In exercising such unauthorized control, Defendant Crater deprived Plaintiff of his property in the form of his share of the profits from the partnership.

18

90. As a result of Defendant Crater's unauthorized and wrongful conversion of Plaintiff's property, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Timothy Harrington demands judgment against Defendant Randall Crater for compensatory damages with interest, attorneys' fees, and such further relief as the Court deems just and equitable.

BELL, SHIVAS & FASOLO, P.C.
Attorneys for Plaintiff
Timothy Harrington

By: _____
David T. Shivas

Dated: April 20, 2017

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

BELL, SHIVAS & FASOLO, P.C.
Attorneys for Plaintiff
Timothy Harrington

By: _____
David T. Shivas

Dated: April 20, 2017

## DESIGNATION OF TRIAL COUNSEL

David T. Shivas, Esq. is designated as trial counsel in this matter on behalf of plaintiff.

BELL, SHIVAS & FASOLO, P.C.
Attorneys for Plaintiff
Timothy Harrington

By: _____
        David T. Shivas

Dated: April 20, 2017

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 11

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for

further   investigation   or   discovery;   and   (4)   the   complaint

otherwise complies with the requirements of Rule 11.


                                        BELL, SHIVAS & FASOLO, P.C.
                                        Attorneys for Plaintiff
                                        Timothy Harrington


                                By: _____
                                        David T. Shivas

Dated: April 20, 2017

### CERTIFICATION OF NO OTHER ACTION

   The  undersigned  hereby  certified  that  to  the  best  of  his

knowledge  and  belief  the  specific  matters  delineated  herein  are

not  currently,  and  have  not  in  the  past,  been  litigated  before  any

Court  and  that  they  are  not  the  subject  of  any  arbitration

proceedings.

   In  addition,  the  undersigned  has  no  knowledge  of  any  person

or entity who should be joined in this matter.


                                        BELL, SHIVAS & FASOLO, P.C.
                                        Attorneys for Plaintiff
                                        Timothy Harrington


                                By: _____
                                        David T. Shivas

Dated: April 20, 2017