UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Timothy Harrington, | Civil Action No.: |
| Plaintiff, | 2:17-cv-02343-ADS-ARL |
| -against- | |
| Randall Crater, BlueMagicGaming.com, MyBigCoin.com, | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSTION TO DEFENDANT'S ORDER TO SHOW CAUSE AND IN SUPPORT OF DEFENDATS' CROSS-MOTION TO DISMISS**

*Of Counsel:*

Brian J. Lester, Esq.

## INTRODUCTION

1. Despite no federal question being present and the existence of a forum selection clause designating Supreme Court of the State of New York, Suffolk County as the exclusive forum, plaintiff attempts to bring this action in federal court against defendants. For the reasons stated below, the action should be dismissed.

## STATEMENT OF ISSUES

2. The issues to be decided are: (1) whether pursuant to Federal Rule of Procedure 12(b)(1) this court has subject matter jurisdiction over the action; (2) whether this action should be dismissed pursuant to Federal Rule of Procedure 12(b)(3) for improper venue because the Agreement at issue contains a forum selection clause designating Supreme Court of the State of New York, Suffolk County as the exclusive forum for this dispute; (3) should the Court not dismiss the complaint in its entirety, whether the Court should dismiss plaintiff's second, third, fifth, sixth, seventh and eighth causes of action since there has yet to be a full and complete accounting; and (4) whether Bluemagicgaming.com and Mybigcoin.com are proper defendants as the both are non-jural entities.

## STATEMENT OF FACTS

3. By agreement dated December 17, 2013, the plaintiff and defendant entered into an agreement forming the partnership of Greyshore Website Management Company ("GWMC"). See a true and correct copy of the Partnership Agreement annexed to the Affirmation of Brian Lester as Exhibit "A".

4. Said Agreement contains a "forum selection clause" in which the parties agreed that any dispute arising under the Agreement would be litigated in the New York State, Supreme Court, Suffolk County.

5. Specifically, the clause reads, "[t]he Partners agree to avail themselves to the jurisdiction of the State of New York for substantive and procedural law and to the venue of Suffolk County, New York.

6. Despite the fact that the parties agreed to subject themselves to the procedural law of the State of New York, plaintiff commenced this action in federal court where New York procedural law cannot be applied.

## ARGUMENT

### I. THE COMPLIANT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

7. First and foremost, this Court lacks subject matter jurisdiction over this action. A federal court is obligated to inquire into subject matter jurisdiction *sua sponte* at the earliest opportunity to determine whether such jurisdiction exists. See, *e.g., Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997); *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 U.S. Dist. LEXIS 63544, 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008). If the court determines that subject matter jurisdiction is lacking, the action must be dismissed. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

8. A federal court exercises limited jurisdiction pursuant to Article III of the Constitution. It may exert subject matter jurisdiction over claims in which: (1) there is a "federal question" in that a colorable claim arises under the "Constitution, laws or treaties of the United States," 28 U.S.C. § 1331; and/or if (2) there is complete "diversity of citizenship" between each plaintiff and all defendants and a minimum of $75,000 in controversy, 28 U.S.C. § 1332. See, *e.g., Da Silva v. Kinsho International Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (delineating two

categories of subject matter jurisdiction). Absent jurisdiction under one of these two prongs, a case must be dismissed. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

9. In the case at bar, there is no "federal question." All questions presented by plaintiff arise under the laws of the State of New York, and although defendants concede that there is complete "diversity of citizenship," the parties expressly and absolutely waived their rights to bring any action in federal court pursuant to the language contained in the forum selection clause of the Agreement at issue. As such, the Complaint must be dismissed for lack of subject matter jurisdiction.

10. Even assuming *arguendo* that plaintiff was able to properly establish jurisdiction based upon a "federal question" this action must still be dismissed for the reasons set forth below.

## II. THE COMPLAINT MUST BE DISMISSED FOR IMPROPER VENUE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3)

11. In a total disregard of the Agreement, and the judicial process, plaintiff has filed suit in federal court without bringing to this Court's attention that the Agreement's forum selection clause unambiguously states that, "[t]he partners agree to avail themselves to the jurisdiction of the State of New York for substantive and ***procedural*** law and to the venue of Suffolk County, New York." The language of the forum selection clause is specific and absolute. A reading of the clause makes it clear that the parties, by including the term "procedural law" contemplated what court would hear disputes arising from the Agreement. It makes no sense, whatsoever, to interpret the clause to mean that litigation in federal court where New York procedural law cannot be applied.

12. The Supreme Court has held, and other courts have repeatedly found, that forum

[3]

selection clauses, such as the one at issue here, are *prima facie* valid and enforceable. *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 1913, 32 L.Ed.2d 513 (1972) (forum selection clauses are presumed to be valid). Parties may use forum selection clauses to designate the forum in which any litigation is to take place, and litigation commenced elsewhere may be subject to dismissal for improper venue. See *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991); see also *TAAG Linhas Aereas de Angola v. Transamerica Airlines*, 915 F.2d 1351 (9th Cir.1990). The validity and effect of a forum selection clause is controlled by federal standards. See *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir.1988).

13. The basic law regarding forum selection clauses is straightforward: courts should "enforce a contractual forum selection clause unless it is clearly shown that enforcement would be unreasonable and unjust or that the clause was obtained through fraud or overreaching." *Jones v. Weibrecht*, 901 F.2d 17, 18 (2d Cir. 1990). Forum selection clauses are interpreted according to standard principles of contract law. *See Bison Pulp & Paper, Ltd. v. M/V Pergamos*, 1995 U.S. Dist. LEXIS 22057, at 29, No. 89 Civ. 1392, 1995 WL 880775, at 10 (S.D.N.Y. Nov. 29, 1995) (citing *John Boutari & Son v. Attiki Importers*, 22 F.3d 51, 53 (2d Cir. 1994).

14. Here, the Agreement's forum selection clause clearly and unequivocally states that the any issues arising under the Agreement are subject to the substantive and procedural laws of the State of New York. Indeed, the "Jurisdiction and Venue" Paragraph of the Agreement reads in pertinent part, that "[t]he Partners agree to avail themselves to the jurisdiction of the State of New York for substantive and procedural law...." Notably, the Plaintiff has never disputed the validity of said clause.

15. Additionally, a forum selection clause will be enforced where venue is specified with mandatory language. See Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir.1989). However, if a forum selection clause's language is not mandatory, the forum selection clause will be perceived as permissive and will not preclude suit elsewhere. See Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987). "When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider*, 875 F.2d at 764. A forum selection clause must contain additional language mandating a particular venue to be the exclusive one or mandatory language requiring the case be litigated in only one forum. See Bremen, 407 U.S. at 2, 20.

16. The forum selection clause at issue here is mandatory in that it states, "[t]he partners agree to avail themselves to the jurisdiction of the State of New York for substantive and procedural law and to the venue of Suffolk County, New York." Based on the language there can be no doubt that the parties intended for disputes to be heard by the New York Supreme Court, Suffolk County, where unlike the federal court, New York procedural law would control.

17. A written partnership agreement is a complete expression of the parties' intention, the language of the partnership agreement controls and will not be questioned. See *Martin v. Peyton*, 246 NY 213; *Rosen Trust v. Rosen*, 53 A.D.2d 342, 353, *aff'd* 43 N.Y.2d 693; 15 *N.Y. Jur. 2d, Business Relationships*, §1308.

18. Moreover, a court will not set aside a forum selection clause unless the party challenging enforcement can show that the clause is "'unreasonable' under the circumstances." The Bremen, 407 U.S. at 10, 92 S.Ct. at 1913. This exception has been narrowly construed. Argueta, 87 F.3d at 325. A forum selection clause is unreasonable only if: 1) its incorporation

[5]

into the agreement was the result of fraud, undue influence, of overweening bargaining power, 2) the selected forum is 'gravely difficult and inconvenient' that the complaining party will 'for all practical purposes be deprived of its day in court'" or 3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." Argueta, 87 F.3d at 325 (quoting The Bremen, 407 U.S. at 18, 92 S.Ct. at 1916).

19. None of these exceptions will apply should plaintiff attack the clause here. First, the "Jurisdiction and Venue" provision of the Agreement was not agreed upon as a result of fraud undue influence or "overweening bargaining power." The forum selection clause is not buried in the Agreement, nor is it in small, fine print; rather, it is the same font and size as all other text and even appears on the signature page of the Agreement. What's more, plaintiff is not an unsophisticated individual who was coerced into agreeing to the forum selection clause due to any "overweening bargaining power" of defendants.

20. Second, there is nothing "gravely difficult and inconvenient" about the forum selection clause that would cause plaintiff, "for all practical purposes, [to] be deprived of its day in court.'" Indeed, plaintiff commenced action in Suffolk County demonstrating that he is not inconvenienced by litigating in this county. Plaintiff simply elected not to bring the action in the forum agreed upon in the Agreement. This is not a case where plaintiff would be forced to litigate in a forum that is hostile to him or where the laws deprive plaintiff of remedies altogether.

21. Third, enforcement of the forum selection clause here would not contravene any public policy of this forum. To the extent there is any strong public policy, it is in the enforcement of forum selection clauses such as the one here between two commercial entities. See *Docksider*, 875 F.2d at 764.

[6]

22. Federal law compels enforcement of the forum selection clause, and plaintiff's action must be dismissed for improper venue. *Argueta*, 87 F.3d at 324 (a motion to enforce a forum selection clause is treated as a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3)); Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V., 114 F.3d 848, 851 (9th Cir. 1997) ("We treat dismissal based on a forum selection clause like a dismissal for improper venue under Rule 12(b)(3)").

### III. PLAINTIFF'S SECOND, THIRD, FIFTH, SIXTH, SEVENTH AND EIGHTH CAUSES OF ACTION MUST BE DISMISSED

23. It is well established that an action at law may not be maintained by one partner against another for any claim arising out of the partnership until there has been a full accounting except where the alleged wrong involves a partnership transaction which can be determined without an examination of the partnership accounts. *St. James Plaza v. Notey*, 95 A.D.2d 804, 804, 463 N.Y.S.2d 523, 524 (2nd Dept. 1983); *Sasson v. Lichtman*, 276 A.D. 932, 94 N.Y.S.2d 578 (2nd Dept. 1950); *Silverman v. Caplin*, 150 A.D.2d 673, 541 N.Y.S.2d 546 (2nd Dept. 1989).

24. One partner cannot sue the other at law with respect to partnership transactions, except after a full accounting, and balance struck. "If one partner betrays his trust, and converts to his own partnership property, he incurs the usual liability that one partner incurs to another respecting partnership affairs, i.e to be held liable in an accounting, but he cannot be sued by the other partner for damages in an action for conversion." *Bassett v. American Meter Co.*, 20 A.D.2d 956, 249 N.Y.S.2d 815 (4th Dept. 1964) *quoting Dalury v. Rezinas*, 183 A.D. 456, 460, 170 N.Y.S. 1045 (1st Dept 1918) *affirmed* 229 N.Y. 513, 129 N.E 896 (1920).

25. In the instant matter, plaintiff contends that the financial disputes between him and defendant were caused by the latter's breach of contract, breach of duty to his partner, breach of fiduciary duty to his partner, fraud, and conversion. According to plaintiff, defendant, *inter*

[7]

*alia*, misrepresented facts concerning partnership income, profits and expenditures and concealed partnership profits. Therefore, the bulk of the allegations contained in the Complaint, which comprises the claims for damages necessarily require inspection of the books, records and accounts of the partnership, and the validity of the charges against defendant must be resolved by means of an action for an accounting.

26. Based on the foregoing, plaintiff's second, third, fifth, sixth, seventh and eighth causes of action must be dismissed as there has yet to be a full and complete accounting.

### IV. DEFENDANTS BLUEMAGICGAMING.COM AND MYBIGCOIN.COM ARE NON-JURAL ENTITIES

27. The Plaintiff admits in his complaint that the stated purpose of GWMC partnership was to "own, operate and manage BlueMagicGaming.com and Mybigcoin.com websites" and he claims these two websites were owned and operated by GWMC beginning December 2013. While acknowledging these websites are owned by GWMC, the Plaintiff names them as Defendants. A domain name is not a distinct legal or jural entity with the power to sue or be sued. *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 U.S. Dist. Lexis 153615 (US Dist Court District of Arizona 2011).

28. "The term 'domain name' means any alphanumeric designation which is registered with or assigned by any domain name registrar domain name registry, or other domain name registration authority as part of an electronic address on the Internet." 15 U.S.C. § 1127.

29. As such the Defendants, BlueMagicGaming.com and MyBigCoin.com should be dismissed. *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 U.S. Dist. Lexis 153615 (D. Arizona 2011) *citing Office Depot Inc. v. Zuccarini*, 596 F.3d 696 (9th 2010); *Gotbaum v. City of Phoenix*, 617 F.Supp.2d 878, 886 (D.Ariz. 2008) (explaining that "[c]onsistent with its previous decision in *Wilson v. Maricopa County*, 2005 U.S. Dist. LEXIS 28021, 2005 WL 3054051

(D.Ariz. Nov. 15, 2005) (dismissing the Maricopa County Sheriff's Office as a non-jural entity], the Court concludes that the Phoenix Police Department is a subpart of the City of Phoenix, not a separate entity for purposes of suit."); *See generally, Mainstream Loudoun v. Board of Trustees of Library*, 24 F.Supp.2d 552 (US DC Eastern District Virginia 1998); *Sheldon v. Kimberly-Clark Corp.*, 111 A.D.2d 912, 490 N.Y.S.2d 810 (2nd Dept. 1985).

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, this Court should conclude that there was no basis for plaintiff to have brought this action in federal court since the Complaint does not assert any causes of action arising under federal law and moreover, the forum selection clause of the Agreement is clear and unambiguous in that it expressly states that New York substantive and procedural law controls. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) should be granted. In the alternative, plaintiff's second, third, fifth, sixth, seventh and eighth causes of action must be dismissed as there has yet to be a full and complete accounting and the action against Bluemagicgaming.com and Mybigcoin.com must be dismissed since both are non-jural entities against which an action cannot be commenced.

Dated: May 24, 2017
      East Hampton, New York

**Tarbet & Lester, PLLC**

By: _____
    Brian J. Lester, Esq.
*Attorneys for the Defendants*
132 North Main Street
East Hampton, New York 11937
631.907.3500