UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TIMOTHY HARRINGTON,

                Plaintiff,

         - against -

RANDALL CRATER, BLUEMAGICGAMING.COM,
MYBIGCOIN.COM,

                Defendants.
----------------------------------------------------------------------x

**MEMORANDUM OF DECISION AND ORDER**
17-cv-2343 (ADS)(ARL)

**APPEARANCES:**

**Bell, Shivas & Fasolo, P.C.**
*Attorneys for the Plaintiff*
150 Mineral Springs Dr.
P.O. Box 220
Rockaway, NJ 07866
    By:    David Thomas Shivas, Esq., of Counsel

**Tarbet & Lester, PLLC**
*Co-Counsel for the Defendants*
132 North Main Street
East Hampton, NY 11937
    By:    Brian J. Lester, Esq., of Counsel

**Law Office of Anthony B. Tohill**
*Co-Counsel for the Defendants*
12 First Street
Po Box 1330
Riverhead, NY 11901
    By:    Anthony B Tohill, Esq., Of Counsel

**SPATT, District Judge:**

       This is a breach of contract action brought by the Plaintiff Timothy Harrington (the "Plaintiff") against the Defendants Randall Crater ("Crater"), Bluemagicgaming.com, and Mybigcoin.com (collectively, the "Defendants"), for their alleged failure to pay money due to the Plaintiff from a partnership.

Presently before the Court is a motion by the Defendants pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(b)(1) and 12(b)(3), asking the Court to dismiss the complaint for lack of subject-matter jurisdiction and improper venue; or in the alternative, to dismiss two of the Defendants, and several of the Plaintiff's claims pursuant to Rule 12(b)(6). For the following reasons, the Defendants' motion is granted in part and denied in part.

## I. BACKGROUND

### A. The Relevant Facts

The following facts are drawn from the complaint, and from a contract between the Plaintiff and Crater. The latter is relevant to the issue of venue and jurisdiction.

The Plaintiff is a resident of New Jersey. Crater is a New York resident, and BMG and MBC have their principal places of business in New York.

The Plaintiff and Crater are equal partners in a partnership entitled Greyshore Website Management Company, Inc. ("Greyshore"). The partners memorialized their partnership with a partnership agreement on December 17, 2013 (the "Agreement").

Greyshore developed, launched, and manages the websites Bluemagicgaming.com and Mybigcoin.com (the "websites"). The Plaintiff alleges that the websites are also "entities." Pursuant to the Agreement, the Plaintiff and Crater are 50/50 partners in Greyshore. This included sharing the revenue and losses, and the right to inspect the books and records of the websites.

The Plaintiff alleges that the websites have brought in approximately $10,000,000 in revenue, but that the Plaintiff has not received his share of the revenue. The Plaintiff further alleges that Crater has made distributions to himself from that revenue, and has refused to allow the Plaintiff to inspect the books.

Relevant here, the Agreement states that "[t]he Partners agree to avail themselves [of] the jurisdiction of the State of New York for substantive and procedural law and to the venue of Suffolk County, New York." (Defs.' Ex. A at 4).

**B. The Relevant Procedural History**

The Plaintiff filed his complaint on April 21, 2017. The complaint seeks injunctive and declaratory relief, as well as damages, and sounds in seven causes of action: breach of contract; unjust enrichment; failure to provide accounting; breach of duty to a partner; breach of fiduciary duty; civil fraud; and conversion.

On May 25, 2017, the Defendants filed the instant motion to dismiss.

## II. DISCUSSION

**A. As to the Defendants' Motion to Dismiss Pursuant to the Forum Selection Clause**

**1. The Legal Standard for Motions to Dismiss Based on a Forum Selection Clause**

While the Second Circuit had previously stated that "neither the Supreme Court, nor [the Second Circuit] has "specifically designated a single clause of Rule 12(b)"—or an alternative vehicle—as the proper procedural mechanism to request dismissal of a suit based upon a valid forum selection clause," *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011), the Supreme Court recently resolved that uncertainty. The Court held that generally "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens,*" rather than Rule 12(b). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580, 187 L. Ed. 2d 487 (2013). The Court declined to consider whether a defendant in a breach of contract action could obtain dismissal under Rule 12(b)(6), but stated that "[e]ven if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper

mechanisms to enforce a forum-selection clause and that § 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms." *Id.* (internal footnote omitted). The Supreme Court further clarified that Section 1404(a), which is a codification of the f*orum non conveniens* doctrine, has no application for those clauses calling for a nonfederal forum. *Id.* Instead, "the residual doctrine of *forum non conveniens* has continuing application" for those cases. *Id.*

However, before addressing the doctrine of *forum non conveniens*, the Court must first interpret the forum selection clause to determine whether it requires venue in a nonfederal forum.

**2.. As to the Interpretation of the Forum Selection Clause and the Choice of Law Provision**

While neither party disputes the enforceability of the forum selection clause, the Defendants cloud the issue of the interpretation of the forum selection clause by arguing that the choice of law provision affects it. Specifically, they contend that because the parties agreed to avail themselves of the procedural law of New York State, this action can only be brought in a New York State court. In opposition, the Plaintiff states that the forum selection clause dictates where this action can be brought, and the choice of law provision has no effect on venue. The Court finds that it has jurisdiction to entertain this case.

"We first consider whether the forum selection clause is ambiguous, a threshold question of law. An ambiguity exists where a contract term could suggest more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business." *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 75 (2d Cir. 2009) (internal citations and quotation marks omitted).

Although the forum selection clause is ambiguous, in that it merely states that the parties agree to "the venue of Suffolk County, New York," the Defendants do not dispute that this Court is in Suffolk County. The Court agrees that the Agreement allows for venue in the Federal Courthouse in Suffolk County. *See, e.g., Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009) (stating that "[h]ad there been a federal court located in Nassau County at the time of this litigation, remand would have been improper" where the forum selection clause stated that "the venue of any dispute that may arise out of this Agreement . . . shall be in Nassau County, New York"); *Vista Food Exch., Inc. v. Champion Foodservice, L.L.C.*, No. 14 CIV. 804 RWS, 2014 WL 3857053, at *3–4 (S.D.N.Y. Aug. 5, 2014) (holding that remand was not required because "[t]he [forum selection] clause does not specify whether venue will be laid in state or federal court, only simply that venue will be in New York County, New York."); *Eklecco Newco, LLC v. Gloria Jean's Gourmet Coffees Corp.*, No. 5:08-CV-00861, 2009 WL 2185405, at *3 (N.D.N.Y. July 17, 2009) ("Here, as in *Yakin,* the forum selection clause is silent as to the parties' intent regarding federal or state jurisdiction, and merely contains the obligatory venue language that 'any dispute shall be brought in either Syracuse, New York, or in the jurisdiction where the Premises is located.' However, unlike the facts underlying the Second Circuit's decision in *Yakin,* here there is a federal courthouse located in Syracuse, New York. As such, remand here would be improper." (internal alterations and footnote omitted)). Therefore, since the Agreement did not specify that any action arising out of the Agreement had to be brought in New York State court in Suffolk County, venue is proper in the Federal Courthouse in Suffolk County.

However, the Defendants contend that because the parties agreed to New York State procedural law, that venue is only proper in New York State court. On this point, the Court disagrees. First, the Court notes that choice of law provisions and forum selection clauses are

5

separate and distinct. *See, e.g., Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) ("Where a contract contains both a choice-of-law and a choice-of-forum clause, the substantive law identified in the choice-of-law clause governs the interpretation of the forum selection clause, while federal law governs the enforceability of the forum selection clause . . . ."). Said differently:

> The choice-of-law clause does not address the court or courts in which the law is to be applied, and the forum selection clause does not address the law the chosen forum is to apply when the chosen forum hears the case. Among many other things, the former goes much more to the parties' substantive rights, and the latter goes much more to the parties' litigation needs, and in particular, the place where, and procedures under which, their substantive rights are determined. A choice-of-law clause and a forum selection clause are not the same, and address different needs and concerns.

*Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-0201E(F), 2001 WL 967606, at *3 (W.D.N.Y. Aug. 23, 2001) (quoting *In re Lois/USA, Inc.,* 264 B.R. 69, 101 (Bankr. S.D.N.Y. 2001)).

More importantly, "[a] choice-of-law provision [] does not determine where the litigation will proceed." *TGG Ultimate Holdings, Inc. v. Hollett*, 224 F. Supp. 3d 275, 281 (S.D.N.Y. 2016) (citing *S. Leo Harmonay, Inc. v. Binks Mfg. Co.*, 597 F. Supp. 1014, 1025 (S.D.N.Y. 1984), *aff'd sub nom. Harmonay Inc. v. Binks Mfg. Co.*, 762 F.2d 990 (2d Cir. 1985)), *reconsideration denied*, No. 16 CIV. 6289 (VM), 2017 WL 1019506 (S.D.N.Y. Feb. 24, 2017), and *motion to certify appeal denied*, No. 16 CIV. 6289 (VM), 2017 WL 1536056 (S.D.N.Y. Mar. 23, 2017), and *motion to certify appeal denied*, No. 16 CIV. 6289 (VM), 2017 WL 1536056 (S.D.N.Y. Mar. 23, 2017); *AEI Life, LLC v. Lincoln Ben. Life Co.*, 305 F.R.D. 37, 43 (E.D.N.Y. 2015) (finding that choice of law provision providing for application of New Jersey law did not defeat venue in the Eastern District of New York); *see also Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384–85 (2d Cir. 2007) ("[C]hoice of law provisions generally implicate only the substantive law of the selected jurisdiction." (citing, *inter alia*, *Woodling v. Garrett Corp.,* 813 F.2d 543, 551–52 (2d Cir. 1987)

(explaining the New York rule honoring parties' choice of law to govern substantive but not procedural issues)).

Therefore, the choice of law provision does not control the forum selection clause. As the forum selection clause clearly contemplates allowing venue in this very courthouse, the Court need not address whether the action should be dismissed under the residual doctrine of *forum non conveniens*.

While it is true that "[w]hen the parties have agreed to choice-of-law and forum selection provisions, the court must apply them if valid," *TGG Ultimate Holdings*, 224 F. Supp. 3d at 281, the choice of law does not dictate where venue can be laid. Furthermore, the procedural choice of law is not valid here because of the chosen forum. That is because "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996). Accordingly, the Court will apply New York State substantive law, but will apply federal procedural law despite the parties' agreement to use New York State procedural law.

**B. As to the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)**

   **1. The Legal Standard**

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Bold Electric, Inc. v. City of New York*, 53 F.3d 465, 469 (2d Cir. 1995); *Reed v. Garden City Union Free School Dist.*, 987 F. Supp. 2d 260, 263 (E.D.N.Y. 2013).

Under the now well-established *Twombly* standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after *Twombly,* the Court's inquiry under Rule 12(b)(6) is guided by two principles:

> First, although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss and [d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)).

Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679.

**2. Application to the Facts**

    **a. As to the Defendants' Motion to Dismiss the Plaintiff's Claims Against the Websites**

The Defendants contend that the websites Bluemagicgaming.com and Mybigcoin.com are merely domain names, not corporate entities, and therefore cannot be sued. In opposition, the Plaintiff states that the complaint specifies that the websites are, in fact, entities. The Court finds that the Plaintiff has alleged sufficient facts to survive a motion to dismiss pursuant to Rule 12(b)(6).

Despite arguing that New York law controls this action, the Defendants cite to cases from the United States District Court for the District of Arizona, the United States Court of Appeals for

the Ninth Circuit, and the United States District Court for the Eastern District of Virginia. The Defendants cite to one New York State case from 1985, which does not reference websites in any way. This is because the internet was not used by the public at that time.

Nevertheless, under New York law, "[i]t is well settled that a trade name 'has no separate jural existence, and that it can neither sue nor be sued independently of its owner,'" *Leser v. Karenkooper.com*, 18 Misc. 3d 1119(A), 856 N.Y.S.2d 498 (N.Y. Cty. Sup. Ct. 2008) (quoting *Provosty v. Lydia E. Hall Hosp.,* 91 A.D.2d 658, 659 (N.Y. App. Div. 2d Dep't 1982)).

In *Leser*, the court held that KarenKooper.com was not a separate jural entity because "[t]he Amended Complaint fail[ed] to allege any facts showing that "Karen Kooper" is anything but a trade name." *Id.*

Conversely, in the present case, the complaint specifically states that Bluemagicgaming.com and Mybigcoin.com are websites as well as entities. (Compl. ¶ 11–12). While the complaint does not specify what type of entity the websites are, the Defendants do not move for dismissal on that ground so the Court does not review that situation.

Furthermore, the websites' webpages identify them as "companies." (Pl.'s Exs. A, B). While these exhibits were not supplied with the complaint, the Court considers them because the Plaintiff clearly relied upon the websites in bringing suit and the webpages were in the Defendants' possession. *See, e.g., Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993) ("When determining the sufficiency of plaintiff['s] claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in [the] complaint, documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied in bringing suit.").

Accordingly, the Defendants' motion to dismiss the complaint against Bluemagicgaming.com and Mybigcoin.com pursuant to Rule 12(b)(6) is denied.

### b. As to the Defendants' Motion to Dismiss the Fifth Through the Eighth Causes of Action.

The Defendants argue that the Plaintiff's claims for breach of duty to a partner, breach of fiduciary duty, civil fraud, and conversion, cannot be maintained because there has not yet been a full accounting. The Plaintiff does not respond to this argument in any meaningful way.

"[A] partner may not maintain an action at law for any claim arising out of the partnership until there has been a full accounting and a balance struck, or an express agreement to pay." *Wiesenthal v. Wiesenthal*, 40 A.D.3d 1078, 1080, 838 N.Y.S.2d 581, 583 (N.Y. App. Div. 2d Dep't 2007) (internal citations omitted). Although exceptions to this rule exist, such as where the alleged wrong can be determined without an examination of the partnership accounts, or where "no complex accounting is required or only one transaction is involved which is fully closed but unadjusted." *Id.* (quoting *Giblin v. Anesthesiology Assocs.*, 171 A.D.2d 839, 840, 567 N.Y.S.2d 775, 776 (N.Y. App. Div. 2d Dep't 1991)). The Plaintiff does not claim that any of those exceptions apply here. Indeed, the Plaintiff's requested injunctive relief included an accounting of the partnership's books.

Therefore, the Plaintiff's claims for breach of duty to a partner, breach of fiduciary duty, civil fraud, and conversion, cannot be maintained at this juncture. Accordingly, the Defendants' motion to dismiss those claims pursuant to Rule 12(b)(6) is granted. Those claims are dismissed without prejudice, with leave to possibly refile them once a full accounting has been done.

### III. CONCLUSION

Accordingly, for the above stated reasons, the Defendants' motion to dismiss is granted in part and denied in part. It is denied to the extent that the Court finds that venue and jurisdiction

are proper in this Court; and that the Plaintiff has alleged sufficient facts to proceed on his claims against the websites. It is granted to the extent that the Plaintiff's claims for breach of duty to a partner, breach of fiduciary duty, civil fraud, and conversion, cannot be maintained at this juncture because there has not yet been a full accounting of the partnership.

This case is respectfully referred to Magistrate Judge Arlene R. Lindsay for discovery.

It is **SO ORDERED:**

Dated: Central Islip, New York
October 7, 2017

                                          __/s/ Arthur D. Spatt__
                                          ARTHUR D. SPATT
                                          United States District Judge